[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff, Kristen P. Keener, appeals from the final decision of the defendant, the Commissioner of Motor Vehicles ("the commissioner"), suspending her nonresident operating privilege due to the plaintiff's refusal to take a blood alcohol test after her arrest for an alcohol-related driving offense. This court dismisses the appeal due to the plaintiff's failure to allege and prove aggrievement.
BACKGROUND OF THE CASE
The plaintiff alleged in her appeal that she resides in "Poughkeepie [sic], New York and is the holder of a valid New York state motor vehicle operator's license." (Petition for Appeal, ¶ 2.) According to the appeal, a Hamden Police Officer arrested the plaintiff on June 9, 2000[1]
for operation of a motor vehicle by a person under twenty-one years of age with a blood alcohol content of greater than .02%, in violation of General Statutes § 14-227g.[2] (Petition for Appeal, ¶ 3.) The Commissioner conducted a hearing under General Statutes § 14-227b to determine whether the plaintiff had refused to take a blood alcohol test. (Petition for Appeal, Exhibit C.) On April 18, 2001, the Commissioner suspended the plaintiff's nonresident operating privilege for six months. (Petition for Appeal, ¶ 17, Exhibit C.)
In her appeal, the plaintiff's principal argument is that § 14-227b
does not authorize suspension for a person who refuses a blood alcohol test after an arrest for a violation of § 14-227g. Both sides addressed aggrievement in their briefs. The plaintiff did not present any testimony on aggrievement in the hearing before this court.[3]
DISCUSSION
In order to have standing to bring an administrative appeal, a person or entity must be aggrieved. See New England Rehabilitation Hospital ofHartford, Inc. v. Commission on Hospitals and Health Care, 226 Conn. 105,120, 627 A.2d 1257 (1993); General Statutes § 4-183(a).[4]
"Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of subject matter jurisdiction." (Internal quotation marks omitted.) New EnglandRehabilitation Hospital of Hartford, Inc. v. Commission on Hospitals andHealth Care, supra, 120-21.
"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the CT Page 15814 burden of proving that fact." (Internal quotation marks omitted.)Med-Trans of Connecticut, Inc. v. Department of Public Health AddictionServices, 242 Conn. 152, 159, 699 A.2d 142 (1997). The test for determining aggrievement is a two part inquiry: "first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . ." (Internal quotation marks omitted.) Id., 158-59.
The appellate courts have not directly considered what is necessary to establish aggrievement in an administrative appeal involving suspension of a motor vehicle license or privilege to operate. In Marshall v.Delponte, 27 Conn. App. 346, 606 A.2d 716 (1992), the Appellate Court affirmed on other grounds a trial court decision that held that "[t]he suspension of [the plaintiffs] motor vehicle operator's license is aggrievement under the statute." Marshall v. DelPonte, 42 Conn. Sup. 602,606, 634 A.2d 918 (1991), affirmed on other grounds, 27 Conn. App. 346,606 A.2d 716 (1992).[5] This affirmance does not control the issue here. The language of an appellate opinion is given effect only with respect to the question actually decided. See State v. Darwin,161 Conn. 413, 421-22, 288 A.2d 422 (1971). The Appellate Court did not decide the issue of aggrievement, especially in the case of a nonresident motorist. Therefore, its opinion in Marshall is not relevant to the issue in the present case.
In this case, the plaintiff did almost nothing to allege and prove aggrievement. There is no allegation in her petition to appeal that specifically addresses this requirement. The only allegations that indirectly relate to aggrievement are those that allege that the plaintiff lives in Poughkeepsie, New York, that she holds a New York state motor vehicle operator's license, and that the Commissioner suspended her nonresident privilege to operate in Connecticut for six months. (Petition to Appeal, ¶¶ 2, 17.) Even assuming that these allegations are true,[6] they do not state how the petitioner is harmed by the suspension. The plaintiff does not allege, for example, that she intends to drive in Connecticut in the future or that her New York license has been suspended as a result of the Connecticut action.
Nor did the plaintiff supply any proof of these facts. The plaintiff did not testify at the administrative hearing and the administrative record does not otherwise establish aggrievement. General Statutes §4-183(i) specifically provides that "if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be CT Page 15815 taken in the court." Although the commissioner argued in his brief that the plaintiff had failed to establish aggrievement, the plaintiff did not heed this warning and failed to present any evidence of aggrievement at the hearing in this court.
The court recognizes that aggrievement is established if there is a "possibility, as distinguished from a certainty," that some legally protected interest has been adversely affected. Med-Trans of Connecticut,Inc. v. Department of Public Health Addiction Services, supra,242 Conn. 159. In theory, there is certainly a possibility that a resident of Poughkeepsie, New York with a New York driver's license will seek to drive in Connecticut in the future. The record, however, raises some doubts about this possibility in the plaintiff's case.[7] In any event, it is not the court's role to speculate on this matter. It is the plaintiff's burden to allege and prove aggrievement. New EnglandRehabilitation Hospital of Hartford, Inc. v. Commission on Hospitals andHealth Care, supra, 226 Conn. 120. The plaintiff has done nothing to meet her burden of proof.
CONCLUSION
For the foregoing reasons, the appeal is dismissed.
Carl J. Schuman Judge, Superior Court